# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **TOWN & COUNTRY BANK, INC.,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:12-cv-957-RJS-PMW** |
| **STATE AUTO PROPERTY AND CASUALTY INSURANCE CO.,** | **District Judge Robert J. Shelby** |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) Town & Country Bank, Inc.'s ("Plaintiff") motion for spoliation sanctions[2] and (2) State Auto Property and Casualty Insurance Co.'s ("Defendant") motion to modify the scheduling order.[3]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).  The court will address the motions in turn.

---

[1] *See* docket no. 37.

[2] *See* docket no. 29.

[3] *See* docket no. 40.

**I.  Plaintiff's Motion for Spoliation Sanctions**

The great majority of the facts related to this motion are disputed.  However, the following facts appear to be undisputed.  On August 13, 2011, Pirate Island Pizza in Orem, Utah, was the victim of an act of arson that destroyed the bulk of its equipment and property housed at the business location, including certain video arcade games.  Defendant had issued an insurance policy to Pirate Island Pizza, which named Plaintiff as a loss payee.  After a claim was made on that insurance policy, disputes arose concerning payments under the policy.  That basic recitation of events forms the basis for this lawsuit.

After the filing of the lawsuit, Defendant conducted an inspection of the above-referenced video arcade games.  Before Plaintiff could conduct its own inspection, the video arcade games went missing.  The disappearance of the video arcade games is apparently still under investigation.

By way of this motion, Plaintiff seeks spoliation sanctions against Defendant for the disappearance of the video arcade games.  Plaintiff argues that Defendant had a duty to preserve the video arcade games, while Defendant argues that it had no such duty.  In support of its argument, Defendant points to the insurance policy underlying this case.  According to Defendant, the relevant part of the policy provides:

> E.      Loss Conditions
>
>          . . . .
>
>          1.      Abandonment
>
>          There can be no abandonment of any property to us.
>
>          . . . .

3.      Duties In The Event Of Loss Or Damage

a.      You must see that the following are done in the event of loss or damage to Covered Property:

. . . .

(4)      Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim . . . . Also, if feasible, set the damaged property aside and in the best possible order for examination.[4]

Based on that policy language, Defendant argues that it was unwilling to, and contractually prevented from, taking possession of any insured property, including the video arcade games. Defendant further contends that the policy language establishes that it was Pirate Island Pizza, not Defendant, who had a duty to preserve the video arcade games.

The court now turns to the standards for determining whether the imposition of spoliation sanctions is appropriate.

A spoliation sanction is proper where (1) party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence.  When a party seeks sanctions for spoliation, the movant has the burden of proving, by a preponderance of the evidence, that the opposing party failed to preserve evidence or destroyed it.

*FatPipe Networks India Ltd. v. XRoads Networks, Inc.*, No. 2:09-CV-186-TC-DN, 2012 U.S. Dist. LEXIS 7686, at *15-16 (D. Utah Jan. 23, 2012) (quotations, citations, and footnotes

---

[4] Docket no. 35 at 8.

omitted).  If those threshold requirements are satisfied, the court then turns to addressing the appropriate sanction to be imposed.  *See id*. at *18-20.

In this case, the court concludes that Plaintiff has failed to establish that Defendant had a duty to preserve the video arcade games.  The above-referenced insurance policy language makes it clear that Pirate Island could not abandon property to Defendant.  The language also establishes that Defendant was contractually prevented from taking possession of the video arcade games.  Finally, the policy language clearly indicates that it was Pirate Island's duty to protect the video arcade games from further damage and, if possible, set them aside.

Plaintiff argues that, notwithstanding the policy language, Defendant's actions demonstrate that it took possession and control of the video arcade games, which created to a duty to preserve the games.  The court is not persuaded by that argument.  The court cannot conclude, based on the record before it, that Plaintiff has established by a preponderance of the evidence that Defendant had such a duty.

For these reasons, Plaintiff's motion for spoliation sanctions is denied.  At the same time, the court provides the following guidance to Plaintiff.  As in this case, a party's request for spoliation sanctions often goes to exclusion of certain evidence at trial and special jury instructions concerning that evidence.  Those issues are typically handled by the district judge, not by a magistrate judge assigned to handle pretrial matters under 28 U.S.C. § 636(b)(1)(A), as in this case.  Under those circumstances, this court typically leans away from excluding evidence or requiring certain jury instructions because those are issues better left to the district judge who will be hearing the case.  As such, Plaintiff is free to raise the issue of spoliation sanctions with Judge Shelby by objecting to this order.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

## II.  Defendant's Motion to Modify Scheduling Order

In this motion, Defendant seeks modification of the current scheduling order.  Plaintiff opposes Defendant's motion.

On January 23, 2014, Judge Shelby vacated the final pretrial conference and trial date in this case and indicated that a new trial date would be set after a ruling on the pending motions for summary judgment.  Those motions for summary judgment are currently set for a hearing before Judge Shelby on May 29, 2014.[5]

Given Judge Shelby's decision to vacate the final pretrial conference and trial date, it is obvious that a new scheduling order will eventually need to be entered in this case.  However, at this point in time, the court concludes that entering a new scheduling order is not appropriate.  Accordingly, Defendant's motion to modify the scheduling order is denied.

After a ruling is issued on the pending motions for summary judgment, the parties are instructed to meet and confer in an attempt to agree on a new scheduling order.  If those attempts are successful, the parties are instructed to file a stipulated motion to amend the scheduling order, which the court will consider favorably.  If those attempts are unsuccessful, either side may move the court to enter a new scheduling order.

* * * * *

In summary, **IT IS HEREBY ORDERED**:

1.      Plaintiff's motion for spoliation sanctions[6] is **DENIED**.

---

[5] *See* docket no. 57.

[6] *See* docket no. 29.

2.      Defendant's motion to modify the scheduling order[7] is **DENIED**, as detailed

above.

**IT IS SO ORDERED**.

DATED this 6th day of February, 2014.

                              BY THE COURT:

                              _____

                              PAUL M. WARNER
                              United States Magistrate Judge

---

[7] *See* docket no. 40.